Johnson, J.
The proceedings to-locate and establish this ditch were had under sections 1, 4, 5, 11 and 12 of vol. 68 of Ohio Laws, p. 60, and amendments to sections 2, 3, 13, 14 and 22 of 70 Ohio Laws, 79.
*514 Section 22 contains the authority for the action of the two boards. It reads: Sec. 22. “ In all cases where any proposed ditch shall be in more than one county, the application shall be made to the commissioners of each of said counties, and the county surveyor or engineer must make a report for each county, and application for damages must be made in the county where the land is situated, and a majority of the commissioners in each county, when in joint session, shall be competent to locate and establish the ditch.”
1. It is objected that said section is unconstitutional, because it attempts to confer jurisdiction on the county commissioners, beyond the limits of their respective counties for which they were elected.
It is admitted there is no provision of the constitution expressly prohibiting such a statute, and this admission is a ■sufficient answer to the objection. All legislative power, not prohibited, is vested in the legislature. It is clearly a legislative power to provide for the construction of ditches, where they are conducive to the public health, convenience or welfare, and to designate such agencies as are appropriate, and not prohibited, to carry out the provisions of the act. This section provides, that when the proposed ditch is in two or more counties, it must be located and established by the boards of commissioners of the respective counties, in joint session, and it requires a quorum and concurrence of each board to make the necessary orders.' As amended (70 Ohio L. 82) this section requires, as the foundation of joint action, that the petition must be filed in each county, and the proceedings, preliminary to the joint action,-such as the bond and notice, as required by section 2 of the act (68 Ohio L. 60), are to be had in each the same as if the ditch was in a single county. The joint action consists in the finding that the provisions of law, preliminary to the consideration of the petition on its merits, have been complied with, a finding that the proposed ditch is conducive to the public .health, convenience or welfare, the location of the same, if they so find, and the apportionment of .the -costs and work of construction. If damages are claimed, the application therefor must be made to the commissioners of *515 the county where the land is situated. The joint-session has nothing to do with the assessment of damages for property appropriated. It locates and establishes the ditch, and apportions the cost of its location and construction, and damages, if any, to the persons owning lands through, or in the vicinity of which, the proposed ditch is to be constructed. As the ditch is an entirety and lies in more than one coimty, the statute requires the concurrent action of each county to locate and establish it, and to apportion among land-owners its aggregate cost. A majority of each board, in joint session, and not a majority of the joint board, is required. Hence each board acts as an integral part of the joint body. The assumption that the commissioners of either county are acting and exercising authority over the internal affairs of the other county, is therefore not well founded. Engle v. Board of Commissioners, 25 Ohio St. 425.
2. Again, it is objected that section 22 is unconstitutional, and the proceedings void, because no provision is made for a jury to assess the compensation for lands appropriated.
It was held, in Engle v. Boards of Commissioners, 25 Ohio St. 425, that no appeal was provided from the final action of the joint boards in establishing a ditch in more than one county. It was not, however, held • that no appeal would lie from an allowance of compensation and damages made by the commissioners of the county where the laud was situated. We think this section, when construed in connection with other provisions of the same statute, does provide for such an appeal from the action of the commissioners allowing compensation and damages for land appropriated. In proceedings under this section, application for damages must be made in the county where the land is situated, and the commissioners of such county must act thereon. It is no part of the duty of the joint boards to assess such, damages and compensation. Section 13 provides for an appeal from their action to the probate court, where the same provision is made for a jury as in other cases, under the act of April 30, 1852. A constitutional jury is thus provided. It is true no appeal lies from the order of the joint boards establishing a ditch, yet one is *516 provided from the separate and independent action of each board in allowing compensation and damages. After all questions of damages and compensation are settled, tlie boards in joint session award to land-owners their proper proportions of the costs and labor of construction.
3. These proceedings are said to be void, because the petitiqn on which they are founded was insufficient to warrant action,, and because the findings of the joint sessions are alike defecti%re.
The petition states, and the order establishing the ditch finds, that the proposed ditch “ will be conducive to the public health, convenience and welfare of the neighborhood,.” The statute (§ 1) authorizes such action “ when the same will be conducive to the public health, convenience or welfare.” The record shows that this, proposed ditch extended something near five miles in the two counties. The finding is, that it will be conducive to the public health, convenience and welfare of the neighborhood, that is, of the neighborhood along the entire line of the proposed ditch. The object of the law is to provide a means for drainage wherever the public health, convenience or welfare requires it.
It is not essential that thz public at large shall be benefited, but only that part of the public affected by want of proper drainage, or by the improvement to be made. The in jury from want of drainage and the benefits to be derived from the ditch are necessarily local in their nature. Public welfare, health and convenience, in this connection, are terms used in contradistinction from a mere private benefit. A nuisance is said to bepublic, when it affects the surrounding community generally, and impairs the rights of neighboring residents as members of the public, and private when it especially injures individuals. Abbott’s Law Diet, title “ Nuisance.”
The finding by the commissioners in joint session, that the proposed ditch will be conducive to the public health, convenience and welfare of the neighborhood, is a finding, that the community generally in the vicinity are benefited, and not merely the lands of the petitioners or others. It is a finding *517 that it is for the public welfare as distinguished from a mere private advantage.
4. It is further claimed that no notice was given such as the statute requires as a condition precedent to the order establishing the ditch, and also that plaintiff had no actual notice.
The petition alleges a want of such notice. This is denied by the answer. The burden of proof was on the plaintiff. He offers in evidence a copy of the proceedings in Putnam county only. "What was done in Paulding does not appear. It can only be inferred from the recitals in the record made in Putnam county, and in the action of the joint boards. These show notice by publication in Putnam county. For aught that appears the record of Paulding county shows a like notice in that county. If they do not the onus was upon plaintiff to show it. The auditors of each county are required to keep a record of all proceedings had in each case (§ 19).
This record, when properly kept, would include the separate action of his board preliminary to the joint action, the joint action, and all subsequent action of his own board. The record of Putnam county would not therefore show the action of the commissioners of Paulding county, except when in joint session.
The plaintiff has therefore failed to show that there was no notice by publication in Paulding county, or that he did not have actual notice of these proceedings. As this is an action to enjoin proceedings, and not in .error to reverse them, the burden is upon plaintiff to make good the allegations of his petition.
5. The last objection we shall notice is, that the record fails to show an order apportioning the work to be done' according to benefits to be derived by the lands along the line.
Section 13, as amended (70 Ohio L. 80), provides that the commissioners shall make a just and fair estimate of the average cash value of the construction per linear rod, cubic yard, or foot of earth, and every section or allotment of such ditch, and apportion the cost of the location thereof, and labor of constructing the same, and award to each person owning lands through and in the vicinity of which it is proposed to pass, as *518 shall be just and right according to benefits to be derived by constructing the same.
They shall specify the time for the payment of costs and the time and manner in which the labor is to be performed, and appoint a day to hear exceptions to such apportionment. The auditor shall give notice of such apportionment, showing the names of the owners, each parcel of land assessed, number' of. feet each is to construct, estimated value for construction, and the expenses, including damages and compensation, if any, that have been awarded. On the day named in such notice, the commissioners shall meet, and if exceptions have been filed, they hear the same upon sworn evidence offered by any party. On such hearing, and an actual view if they desire, they may confirm or change the apportionment as in their judgment is just (70 Ohio L. 81, 82).
This petition charges that the apportionment of cost of locating, and the amount of work each was to do, was made without any estimate of the cost of construction, and without regard to the benefits to be derived therefrom. This is denied by the answer.
The record shows the apportionment as required by section 13, as published in the Putnam County Sentinel, by the auditor of that county. We may assume that like notice was also given in Paulding county.
The time therein fixed for hearing exceptions was fixed, as well as the time for completing the work. At the time fixed for hearing exceptions the two boards held a joint session, certain exceptions were filed, and after mature consideration they were overruled and the apportionment was confh-med. The time for doing the work having expired, the part allotted to plaintiff was sold to McPheters, one of defendants, pursuant to notice.
The record is silent as to the estimates made of cost of construction, and of the method adopted to apportion the work. It does show the apportionment in detail, but whether it was in all respects just and fair with respect to benefits to be derived does not appear. These two boards were created a tribunal to hear exceptions upon sworn testimony and after *519 publication of due notice. The record shows they performed that duty, and until the contrary appears, we must presume their apportionment was just and fair, and made with proper reference to the benefits to be derived.
6. Other objections are urged against these proceedings, but as they relate to their regularity, rather than their validity, we have not regarded it as necessary to consider them in this connection.

Judgment affirmed.